UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case No. 3:17-cr-0052-J-20MCR

AMBROSIO MORAN-RAMOS,
_____/

## ORDER

**THIS CAUSE** is before the Court for consideration of the "Report and Recommendation" of Magistrate Judge Monte C. Richardson (Dkt. 49), on Defendant's "Motion to Suppress Physical Evidence" (Dkt. 31). After review of the Report and Recommendation and the Objections (Dkt. 50) and Response (Dkt. 51) thereto, the Court enters the following order.

I

Defendant's Motion was referred to Judge Richardson, who held an evidentiary hearing on the motion on September 15, 2017. On October 12, 2017, Judge Richardson submitted a Report and Recommendation (R&R), which concluded that Defendant's Motion should be denied. (Dkt. 49). Defendant submitted his objections to the R&R on October 24, 2017. (Dkt. 50). On October 31, 2015, the United States filed its Response to Defendant's Objections. (Dkt. 51). Accordingly, this matter is ripe for resolution.

A district court may accept, reject, or modify a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Powell*, 628 F.3d 1254, 1256 (11 th Cir. 2010). "The district court must make a *de novo* determination of any disputed portions of the magistrate judge's report or recommendation." *Powell*, 628 F.3d at 1256; *see also* 28 U.S.C. § 636(b)(1) (requiring *de novo* review when specific objections are

made).

Defendant does not object to Judge Richardson's factual summary or his articulation of the relevant law governing this case. (*See* Dkt. 50 pp. 1, 3). The Court therefore adopts the facts and law as set forth in the R&R, and incorporates them into this Order as if set fully forth herein.

II

Defendant's first objection to the R&R concerns the credibility of Agent Stephens. (*Id.* p. 1). Defendant points to purported inconsistencies and failures of memory in Agent Stephen's hearing testimony and concludes that, absent a finding that Agent Stephens is credible, "this Court cannot find the United States satisfied the burden of establishing an exception to the warrant requirement of the Fourth Amendment." (*Id.* p. 3). Defendant puts the cart before the horse. The Fourth Amendment does not apply to consensual encounters. *See Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("[A consensual] encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature."). It follows, *a fortiori*, that there is no burden to establish an exception to the Fourth Amendment's warrant requirement where the record evidence demonstrates that the encounter in question was consensual.

Thus, the Court arrives at Defendant's second objection: that Defendant's interaction at the bus station was a detention rather than a consensual encounter. Nonetheless, testimony offered by Defendant's son establishes that the encounter was indeed consensual. Defendant's son testified that the Agents, upon approaching the pair, asked to see Defendant's identification. The son testified that the Agents spoke calmly and unthreateningly. (Dkt. 47 p. 75). He also testified that he could have exited the bus terminal. (*Id.*). There was no testimony suggesting

that the Agents attempted to intimidate or coerce Defendant.

As Judge Richardson's R&R correctly points out: "The mere fact that a law enforcement officer approaches an individual and so identifies himself, without more, does not result in a seizure." *United States v. Baker*, 290 F.3d 1276, 1278 (11th Cir. 2002); *Bostick*, 501 U.S. at 434 ("Our cases make it clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions."); *INS v. Delgado*, 466 U.S. 210, 216 (1984) ("[P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation . . . [u]nless the circumstances of the encounter are so intimidating that a reasonable person would have believed he was not free to leave if he had not responded.").

There is no evidence in the record from which the Court can conclude that the encounter between Defendant and the Agents was anything less than consensual.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's "Report and Recommendation" (Dkt. 49) is **ADOPTED**;

2. Defendant's Objections (Dkt. 50) are **OVERRULED**;

3. Defendant's "Motion to Suppress Physical Evidence" (Dkt. 31) is **DENIED**.


**DONE AND ENTERED** at Jacksonville, Florida, this 2nd day of November, 2017.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas M. Bell, Esq.
Beatriz Gonzalez, AUSA